PACKER and others *vs.* FRENCH and ARTCHER.

Where a referee after the final submission of a cause refused an application by the plaintiff for a postponement in order to produce further testimony, and certified that his refusal was upon the *sole* ground of a supposed *want of authority* to do so, this court allowed the hearing to be opened upon terms.

After a cause has been heard and summed up, a referee may in his discretion postpone the hearing and receive further evidence at another time.

THIS was an action of assumpsit upon two promissory notes, which was heard before a sole referee. After the evidence had been given and the cause summed upon both sides the referee intimated an opinion against the plaintiffs as to one of the notes, and as to the other note said he would take time to consider. The plaintiffs thereupon asked the referee to hear further evidence, and the referee said he would do so, if the witnesses on both sides were still in attendance. On inquiry it was found that one of the defendants' witnesses had left the city. The referee thereupon declined to hear further evidence at any subsequent time, on the sole ground,

as he certified, that he did not consider he had authority to do so.

J. *Edwards* and *M. T. Reynolds*, for the plaintiffs, moved that the hearing be opened, and that the parties have leave to produce further evidence. They cited *Cleveland* v. *Hunter*, 1 Wend., 104.

J. *McKown*, contra.

*By the Court*, BRONSON, J. We think the referee might in his discretion have postponed the hearing and received further evidence at another time, and as he has certified that he declined doing so upon the *sole* ground of *want of authority*, and as the affidavits make a strong case in favor of the motion, we are of opinion that the hearing should be opened, and the parties be allowed to produce further testimony. If the referee had put his refusal on any other ground than the want of power, we should not have interfered. The defendants will very likely think it prudent, if not necessary, to have all their witnesses, as well as their counsel, in attendance on the further hearing. The plaintiffs must therefore pay the costs of the hearing thus far, as well as the costs of opposing this motion, as the condition on which relief is granted.

Ordered accordingly.